IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Cameron Arnegard and Mary S. Arnegard, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| vs. | ) ) | |
| Marcy Feilmeier, McKenzie County FSA; Gary J. Nelson, North Dakota State FSA; and the Farm Service Agency, | ) ) ) ) ) | Case No: 4:08-cv-083 |
| Defendants. | ) | |

_____

On October 9, 2008, the Plaintiffs filed a complaint against Marcy Feilmeier, Gary Nelson, and the Farm Service Agency. See Docket No. 3. The Plaintiffs described Feilmeier as the County Executive Director of the McKenzie County (North Dakota) Farm Service Agency Office, and Nelson as the State Executive Director of the North Dakota State Farm Service Agency Office. See Docket No. 3. Feilmeier was served a summons on October 15, 2008, Nelson was served on October 16, 2008, and the Farm Service Agency was served on October 20, 2008.

On December 12, 2008, an answer was filed on behalf of the Farm Service Agency. See Docket No. 10. On December 16, 2008, the Plaintiffs filed a motion for default judgment in which they contend that "the Defendants have not appeared personally or by a representative in accordance with Rule 55 of the Federal Rules of Civil Procedure." See Docket No. 11. On December 17, 2008, an amended answer was filed on behalf of Feilmeier, Nelson, and the Farm Service Agency, and a response to the Plaintiffs' motion for default judgment was filed. See Docket Nos. 14, 15.

It is well-established in the Eighth Circuit that if a "'plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.'" Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (quoting Egerdahl v. Hibbing

Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)).  "'If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.'" Baker, 501 F.3d at 923 (quoting Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998)).  In the Plaintiffs' complaint, defendants Feilmeier and Nelson are described as officers of the Farm Service Agency and are not specifically named in their individual capacities.  Therefore, it is presumed that they are sued only in their official capacities.

Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, a United States agency and employees of the agency sued in their official capacities have sixty (60) days after service to answer a complaint.  The three-day mailing rule set forth in Rule 6(d) of the Federal Rules of Civil Procedure applies to electronic filing.  See D.N.D. Civ. L.R. 6.1.  Feilmeier was served on October 15, 2008, and therefore had until December 17, 2008, to answer the complaint.  Nelson was served on October 16, 2008, and had until December 18, 2008, to answer.  The Farm Service Agency was served on October 20, 2008, and had until December 22, 2008, to answer.  On December 17, 2008, an amended answer was filed on behalf of all of the Defendants.  Therefore, the Defendants timely answered the Plaintiffs' complaint.

Default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a).  Because the Defendants timely answered the Plaintiffs' complaint, default judgment is not appropriate.  Therefore, the Plaintiffs' motion for default judgment (Docket No. 11) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court