**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Cameron Arnegard and <br> Mary S. Arnegard, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | **ORDER DENYING PLAINTIFFS'** <br> **MOTION FOR DEFAULT JUDGMENT** |
| vs. | ) <br> ) | **AND SCHEDULING EARLY SETTLEMENT** <br> **CONFERENCE** |
| Marcy Feilmeier, McKenzie <br> County FSA; Gary J. Nelson, <br> North Dakota State FSA; and <br> the Farm Service Agency, | ) <br> ) <br> ) <br> ) <br> ) | Case No: 4:08-cv-083 |
| Defendants. | ) | |

_____

Before the Court is the Plaintiffs' Motion for Default Judgment filed on April 7, 2009. See Docket No. 32. The Defendants filed a response in opposition to the motion on April 8, 2009. See Docket No. 33.

By way of background, on January 20, 2009, a scheduling order was issued which allowed for the filing of dispositive motions, i.e., motions for summary judgment and responses. See Docket No. 18. On January 26, 2009, the Plaintiffs filed a motion for summary judgment. See Docket No. 20. On March 12, 2009, the Defendants filed a motion for summary judgment and a response to the Plaintiff's motion for summary judgment. See Docket Nos. 27 and 29.

On March 20, 2009, the Plaintiffs filed a document entitled "Plaintiffs' Brief in Response to Defendants' Motion for Summary Judgment." See Docket No. 31. This is a responsive pleading contemplated by the scheduling order. On that same date, the Plaintiffs filed another document entitled "Plaintiffs' Motion in Response to Defendants' Motion for Summary Judgment." See Docket No. 31-2. In that pleading, the Plaintiffs moved the Court for default judgment, moved the Court to deny the Defendants' motion for summary judgment, and moved the Court to grant

summary judgment in favor of the Plaintiffs. See Docket No. 31-2. The Plaintiffs did not file a brief or memorandum in support of the "Plaintiffs' Motion in Response to Defendants' Motion for Summary Judgment" which, as noted, included an attempt to incorporate a separate motion for default judgment. Because the filing was labeled as a response to the Defendants' motion for summary judgment, it was filed as an attachment to the Plaintiffs' response (Docket No. 31) and was not filed as a separate motion. The motion for default judgment filed by the Plaintiffs on April 7, 2009, was apparently made because the Defendants did not respond to the self-labeled "motion" (Docket No. 31-2) filed on March 20, 2009. However, no response was required to that pleading.

The Plaintiffs contend that, pursuant to Local Civil Rule 7.1, an "answer to the Motion, which was served upon the Defendants, is required within five (5) days after service of the Motion, exclusive of the day of service." See Docket No. 32. It appears the Plaintiffs have based their motion for default judgment on the fact the Defendants did not file a formal response to the "Plaintiffs' Motion in Response to Defendants' Motion for Summary Judgment." See Docket No. 31-2. However, as noted, that document was filed as an attachment to a responsive pleading and not as a separate motion. Further, had the "Plaintiffs' Motion in Response to Defendants' Motion for Summary Judgment" been filed as a separate motion, it would have been a dispositive motion. A party has thirty days, and not five days as the Plaintiffs contend, to file a response to a dispositive motion. D.N.D. Civ. L. R. 7.1(A)(1). Therefore, even if the mis-labeled filing had been treated as a motion, a response would not have been due until April 22, 2009.

More important, had the "Plaintiffs' Motion in Response to Defendants' Motion for Summary Judgment" (which includes a request for default judgment) been filed as a motion and not as an attachment, it would have been rejected by the Court because the Plaintiffs did not file a separate memorandum in support of the motion. "A moving party's failure to serve and file a

2

memorandum in support may be deemed an admission that the motion is without merit." D.N.D. Civ. L. R. 7.1(F).

Default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). The mis-labeled "motion" filed by the Plaintiffs on March 20, 2009, was not an appropriate motion under the Federal Rules of Civil Procedure nor was it accompanied by a supporting memorandum or brief. As such, the motion(s) for default judgment (Docket Nos. 31-2 and 32) are **DENIED**.

In an attempt to encourage the parties to engage in meaningful efforts to resolve this dispute, the Court **ORDERS** that an early settlement conference be conducted by Judge Charles S. Miller, Jr. as soon as feasible. Judge Miller will contact the parties within the next week to schedule a settlement conference at a date and time convenient for all.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court